UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW
YORK

| | |
|---|---|
| EMILY LANDER and SABRINA ROJAS, *individually and on behalf of all others similarly situated,*<br><br>                  Plaintiffs,<br><br>-against-<br><br>AMIGOS HOSPITALITY LLC, AMIGOS HOSPITALITY GROUP 1 LLC, AMIGOS HOSPITALITY GROUP 2 LLC, ANTONIO TURBAY, ALAN DAHDAH SAYEGH, CIRO SAMPIETRO RICCI and HECTOR CLAVERIA<br><br>                  Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**COLLECTIVE AND CLASS ACTION** |

Plaintiffs, EMILY LANDER and SABRINA ROJAS , individually and on behalf of all others similarly situated, by his attorneys, upon personal knowledge as to themselves and upon information and belief as to all other matters, complaining of Defendants, AMIGOS HOSPITALITY LLC, AMIGOS HOSPITALITY GROUP 1 LLC, AMIGOS HOSPITALITY GROUP 2 LLC, ANTONIO TURBAY, ALAN DAHDAH SAYEGH, CIRO SAMPIETRO RICCI and HECTOR CLAVERIA(collectively "Defendants") alleges:

1. **NATURE OF THE ACTION**

    1.      This is a wage and hour action. This action seeks to recover damages arising out of minimum wage violations, tip credit notice violations, misappropriated tips, and retaliation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the New York Labor Law § 190, et seq. ("NYLL").

    2.      Defendants are a the owners and operators of a social club.

3.      Plaintiffs are tipped employees, specifically waitresses, who bring the claims herein on behalf of themselves and all other similarly situated tipped employees working in ostensibly tipped occupations.

## 2.  JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

5.      Defendants are subject to personal jurisdiction in New York as they do business in 357 W 16th St., New York, New York 10011.

6.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as the Defendants is/are in the Southern District of New York.

7.      The Defendants, collectively referred to as an enterprise, are owners and operators of nightclubs under the common name "La Victoria."

8.      Defendants' establishments include La Victoria NYC situated at 357 W 16th St, New York, NY, 10011 and La Victoria Miami located at 28 NE 40th Street, Miami, FL 33137.

## 3.  PARTIES

### 3.1.  Plaintiff EMILY LANDER

9.      Plaintiff EMILY LANDER resides in Queens, New York.

10.     Plaintiff EMILY LANDER worked as a waitress from approximately January 2023 to June 2023.

11.     Plaintiff EMILY LANDER regularly used a credit card machine to process customer orders.

### 3.2.  Plaintiff SABRINA ROJAS

12.     Plaintiff SABRINA ROJAS resides in Queens, New York.

13.     Plaintiff SABRINA ROJAS worked as a waitress from approximately January 2023 to June 2023.

14.     Plaintiff SABRINA ROJAS regularly used a credit card machine to process customer orders.

### 3.3. Defendant AMIGOS HOSPITALITY LLC

15.     Defendant AMIGOS HOSPITALITY LLC is a Florida limited liability company with a principal place of business in New York at 357 W 16TH ST, NEW YORK, NY, UNITED STATES, 10011.

16.      Defendant AMIGOS HOSPITALITY LLC  is a restaurant and night club.

17.     "THE LLC" is the registered service of process for Defendant AMIGOS HOSPITALITY LLC and the address on Department of State, Division of Corporations Entity Information for Defendant AMIGOS HOSPITALITY LLC  is 357 W 16TH ST, NEW YORK, NY, UNITED STATES, 10011.

18.     Defendant ANTONIO TURBAY is an owner of Defendant AMIGOS HOSPITALITY LLC.

19.     Defendant ALAN DAHDAH SAYEGH is an owner of Defendant AMIGOS HOSPITALITY LLC.

20.     Defendant CIRO SAMPIETRO RICCI is an owner of Defendant AMIGOS HOSPITALITY LLC.

21.     Defendant AMIGOS HOSPITALITY LLC  is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

22.     Defendant AMIGOS HOSPITALITY LLC  has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise

working on goods or materials that have been moved in or produced for interstate commerce by any person.

23.     In each of the three years preceding the filing of this Complaint, Defendant AMIGOS HOSPITALITY LLC  annual gross volume of sales exceeded $500,000.

24.     Defendant AMIGOS HOSPITALITY LLC issued paychecks to Plaintiffs.

25.     Defendant AMIGOS HOSPITALITY LLC issued paychecks to similarly situated employees, including collective and Rule 23 class members.

26.     Defendant AMIGOS HOSPITALITY LLC exercised control over the terms and conditions of employees' employment, including Plaintiffs, in that it has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

27.     Defendant AMIGOS HOSPITALITY LLC is a covered employer within the meaning of the FLSA and the NYLL, and, employed Plaintiffs and similarly situated employees.

28.     Defendant AMIGOS HOSPITALITY LLC exercised control, oversight, and direction over Plaintiffs and similarly situated employees.

29.     Defendant AMIGOS HOSPITALITY LLC had power to hire and fire Plaintiffs and members of the Collective and Rule 23 Class.

30.     Defendant AMIGOS HOSPITALITY LLC applied the same employment policies, practices, and procedures to all Plaintiffs, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread of hours, and recordkeeping.

### 3.4. Defendant AMIGOS HOSPITALITY GROUP 1 LLC

31.    Defendant AMIGOS HOSPITALITY GROUP 1 LLC is a Florida Limited Liability Company with an agent for service of process named Alan Dahdah and address for service at 45 SW 9th St., 1705, Miami, Florida, 33130.

32.    The Chief Executive Officer of Defendant AMIGOS HOSPITALITY GROUP 1 LLC is Defendant ANTONIO TURBAY.

33.    The address of the chief executive officer of Defendant AMIGOS HOSPITALITY GROUP 1 LLC is 480 NE 31 St., Miami, Florida, 33137.

34.    The principal executive office address of Defendant AMIGOS HOSPITALITY GROUP 1 LLC is 450 NE 31 St., 4702, Miami, Florida, 33137.

35.    Defendant AMIGOS HOSPITALITY GROUP 1 LLC does business as "La Victoria" at 28 NE 40th Street, Miami, FL 33137.

36.    Defendant AMIGOS HOSPITALITY GROUP 1 LLC does business as "La Victoria NYC" at 357 W 16th St, New York, NY.

37.    Defendant AMIGOS HOSPITALITY GROUP 1 LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

38.    Defendant AMIGOS HOSPITALITY GROUP 1 LLC has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

39.    In each of the three years preceding the filing of this Complaint, Defendant AMIGOS HOSPITALITY GROUP 1 LLC annual gross volume of sales exceeded $500,000.

40.    Defendant AMIGOS HOSPITALITY GROUP 1 LLC exercised control over the terms and conditions of employees' employment, including Plaintiffs, in that it has and had the

power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

41. Defendant AMIGOS HOSPITALITY GROUP 1 LLC exercised control, oversight, and direction over Plaintiffs and similarly situated employees.

42. Defendant AMIGOS HOSPITALITY GROUP 1 LLC applied the same employment policies, practices, and procedures to all Plaintiffs, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread of hours, and recordkeeping.

43. Defendant AMIGOS HOSPITALITY GROUP 1 LLC is a covered employer within the meaning of the FLSA and the NYLL, and, employed Plaintiffs and similarly situated employees.

44. Defendant AMIGOS HOSPITALITY GROUP 1 LLC is a principal on the liquor license for La Victoria NYC located at 357 W 16th St., New York, New York 10011 for the premises named Amigos Hospitality LLC.

**3.5. Defendant AMIGOS HOSPITALITY GROUP 2 LLC**

45. Defendant AMIGOS HOSPITALITY GROUP 2 LLC is a Florida limited liability company with an agent for service of process named Defendant ALAN DAHDAH SAYEGH and address for service at 45 SW 9th St., 1705, Miami, Florida, 33130.

46. The Chief Executive Officer of Defendant AMIGOS HOSPITALITY GROUP 2 LLC is Defendant Defendant ALAN DAHDAH SAYEGH.

47. The address of the chief executive officer of Defendant AMIGOS HOSPITALITY GROUP 2 LLC is 45 SW 9th St., 1705, Miami, FL 33130.

48. The principal executive office address is 45 SW 9th St., 1705, Miami, FL 33130.

49.    Defendant AMIGOS HOSPITALITY GROUP 2 LLC does business as "La Victoria" at 28 NE 40th Street, Miami, FL 33137

50.    Defendant AMIGOS HOSPITALITY GROUP 2 LLC does business as La Victoria NYC at 357 W 16th St, New York, NY.

51.    Defendant AMIGOS HOSPITALITY GROUP 2 LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

52.    Defendant AMIGOS HOSPITALITY GROUP 2 LLC has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

53.    In each of the three years preceding the filing of this Complaint, Defendant AMIGOS HOSPITALITY GROUP 2 LLC annual gross volume of sales exceeded $500,000.

54.    Defendant AMIGOS HOSPITALITY GROUP 2 LLC exercised control over the terms and conditions of employees' employment, including Plaintiffs, in that it has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

55.    Defendant AMIGOS HOSPITALITY GROUP 2 LLC exercised control, oversight, and direction over Plaintiffs and similarly situated employees.

56.    Defendant AMIGOS HOSPITALITY GROUP 2 LLC applied the same employment policies, practices, and procedures to all Plaintiffs, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread of hours, and recordkeeping.

57.    Defendant AMIGOS HOSPITALITY GROUP 2 LLC is a covered employer within the meaning of the FLSA and the NYLL, and, employed Plaintiffs and similarly situated employees.

58.    Defendant AMIGOS HOSPITALITY GROUP 2 LLC is a principal on the liquor license for La Victoria NYC located at 357 W 16th St., New York, New York 10011 for the premises named Amigos Hospitality LLC.

**3.6. <u>Defendant ANTONIO TURBAY</u>**

59.    Defendant ANTONIO TURBAY is an owner and manager at La Victoria NYC at 357 W 16th St, New York, NY 10011 and La Victoria Miami at 28 NE 40th Street, Miami, FL 33137.

60.    Defendant ANTONIO TURBAY resides at 480 NE 31 STREET, # 4702, MIAMI, FL 33137.

61.    Defendant ANTONIO TURBAY's phone number is 305-904-0810.

62.    Defendant ANTONIO TURBAY's email address is turbayv@gmial.com.

63.    Defendant ANTONIO TURBAY had power to hire, fire, supervise, set pay rate(s) and work schedules of each Plaintiff, and keep payroll records concerning Plaintiffs and members of the Collective and Rule 23 class.

64.    Defendant ANTONIO TURBAY supervised Plaintiffs and similarly situated employees.

65.    Defendant ANTONIO TURBAY supervised Plaintiffs at La Victoria NYC.

66.    Defendant ANTONIO TURBAY travels to New York approximately every week to oversee the daily operations of La Victoria NYC at 357 W 16th Street, New York, New York 10011.

67.    Defendant ANTONIO TURBAY is the manager at Defendant AMIGOS HOSPITALITY GROUP 1 LLC.

68. Defendant ANTONIO TURBAY introduced himself to each Plaintiff explicitly as the owner of La Victoria NYC, emphasizing his authoritative position within the organization.

69. Defendant ANTONIO TURBAY was the main owner of La Victoria NYC, holding a significant position of authority and control over the establishment.

70. Defendant ANTONIO TURBAY was a regular presence at La Victoria NYC at 357 W 16th Street, New York, New York 10011, frequently attending almost every weekend.

71. Defendant ANTONIO TURBAY maintained a table, received bottle service, and actively engaged with the staff at La Victoria NYC at 357 W 16th Street, New York, New York 10011.

72. In his role as the owner, Defendant ANTONIO TURBAY provided direct guidance to employees, including Plaintiffs, outlining expectations and procedures for service at La Victoria NYC .

73. Defendant ANTONIO TURBAY played a pivotal role in directing staff including Plaintiffs and similarly situated employees in various aspects of their work.

74. Defendant ANTONIO TURBAY's involvement extended to staff meetings held before the club's opening, where Defendant ANTONIO TURBAY imparted information about the establishment, his role, and outlined expectations for client interactions to Plaintiffs and similarly situated employees.

75. Defendant ANTONIO TURBAY exercised authority during club operations, utilizing earpieces and walkies to direct employees including Plaintiffs and similarly situated employees and to coordinate with security, ensuring a controlled environment.

76. Defendant ANTONIO TURBAY's proactive engagement included radio communication during service, addressing specific needs and expectations for the staff including Plaintiffs and similarly situated employees.

77.    Defendant ANTONIO TURBAY is a principal on the liquor license for AMIGOS HOSPITALITY LLC at 357 W 16th Street, New York, NY 10011.

78.    Defendant ANTONIO TURBAY exercised control over the terms and conditions of employees' employment, including Plaintiffs and similarly situated employees, in that he has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

79.    Defendant ANTONIO TURBAY exercised sufficient control over the operations of La Victoria NYC and La Victoria Miami to be considered the employer of Plaintiffs and members of the Collective and Rule 23 class under the FLSA and NYLL.

**3.7.  Defendant ALAN DAHDAH SAYEGH**

80.     Defendant ALAN DAHDAH SAYEGH is an owner and managing partner at La Victoria NYC.

81.    Defendant ALAN DAHDAH SAYEGH is an owner and managing partner at La Victoria Miami

82.    Defendant ALAN DAHDAH SAYEGH resides at 45 SW 9 STREET, Unit 1705, MIAMI, FL 33130.

83.    Defendant ALAN DAHDAH SAYEGH's phone number is 786-613-0001.

84.    Defendant ALAN DAHDAH SAYEGH's email address is alands2896@gmail.com.

85.    Defendant ALAN DAHDAH SAYEGH is the registered agent for service for Defendant AMIGOS HOSPITALITY GROUP 1 LLC.

86.    Defendant ALAN DAHDAH SAYEGH is the registered agent for service for Defendant AMIGOS HOSPITALITY GROUP 2 LLC.

87.     Defendant ALAN DAHDAH SAYEGH is the managing member of Defendant AMIGOS HOSPITALITY GROUP 2 LLC.

88.     Defendant ALAN DAHDAH SAYEGH had power to hire, fire, supervise, set pay rate(s) and work schedules of Plaintiffs and members of the Collective and Rule 23 Class, and keep payroll records concerning employees such as Plaintiffs.

89.     Defendant ALAN DAHDAH SAYEGH is a manager at Defendant AMIGOS HOSPITALITY GROUP 2 LLC.

90.     Defendant ALAN DAHDAH SAYEGH, a co-owner with a significant stake in Defendant businesses that own and operate La Victoria NYC and La Victoria Miami and held substantial authority, particularly in financial matters.

91.     Frequently seen alongside Defendant ANTONIO TURBAY at a shared table, Defendant ALAN DAHDAH SAYEGH addressed staff, including Plaintiffs, as to tipping policies, answering financial questions, and dealing with processes.

92.     Defendant ALAN DAHDAH SAYEGH informed staff, including Plaintiffs, that management took a 5% deduction from Plaintiffs' and similarly situated employees' tips.

93.     In a meeting addressing tipping misappropriation, Defendant ALAN DAHDAH SAYEGH acknowledged tip skimming and promised repayment, but no resolution was reached, leaving outstanding amounts unpaid.

94.     Defendant ALAN DAHDAH SAYEGH admitted ignorance of tip laws during a meeting with Plaintiffs, promised restitution, but failed to fulfill the commitment.

95.     Defendant ALAN DAHDAH SAYEGH is a Bentley University Alumni, with a major in Finance and a minor in Entrepreneurship.

96.     Defendant ALAN DAHDAH SAYEGH's involvement with La Victoria NYC and/or La Victoria Miami marked his inaugural experience in owning and/or managing a nightclub.

97.     Defendant ALAN DAHDAH SAYEGH is a principal on the liquor license for AMIGOS HOSPITALITY LLC at 357 W 16th Street, New York, NY 10011.

98.     Defendant ALAN DAHDAH SAYEGH exercised control over the terms and conditions of employees' employment, including Plaintiffs, in that he has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

99.     Defendant ALAN DAHDAH SAYEGH exercised sufficient control over the operations of La Victoria NYC to be considered Plaintiffs' employer under the FLSA and NYLL.

### 3.8. Defendant CIRO SAMPIETRO RICCI

100.    Defendant CIRO SAMPIETRO RICCI is a partner at La Victoria NYC at 357 W 16th St, New York, NY 10011 and La Victoria Miami at 28 NE 40th Street, Miami, FL 33137.

101.    Defendant CIRO SAMPIETRO RICCI co-founded La Victoria NYC at 357 W 16th St, New York, NY 10011.

102.    Defendant CIRO SAMPIETRO RICCI resides at 88 SW 7TH ST APT 1508 MIAMI, FL 33130-3696.

103.    Defendant CIRO SAMPIETRO RICCI's phone number is 305-333-4719.

104.    Defendant CIRO SAMPIETRO RICCI's email address is cirocsampeitro@gmail.com.

105.    Defendant CIRO SAMPIETRO RICCI had power to hire, fire, supervise, set pay rates and work schedules of Plaintiffs, and keep payroll records concerning employees such as Plaintiffs.

106.    Defendant CIRO SAMPIETRO RICCI is a graduate of Bentley University, with a major in Management and Finance.

107.    Defendant CIRO SAMPIETRO RICCI is a principal on the liquor license for AMIGOS HOSPITALITY LLC at 357 W 16th Street, New York, NY 10011.

108.    Defendant CIRO SAMPIETRO RICCI exercised control over the terms and conditions of employees' employment, including Plaintiffs, in that he has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

109.    Defendant CIRO SAMPIETRO RICCI exercised sufficient control over the operations of La Victoria NYC at 357 W 16th St, New York, NY 10011 to be considered Plaintiffs' employer under the FLSA and NYLL.

**3.9. <u>Defendant HECTOR CLAVERIA</u>**

110.    Defendant HECTOR CLAVERIA is a manager / supervisor at La Victoria NYC at 357 W 16th St, New York, NY 10011.

111.    Defendant HECTOR CLAVERIA had power to hire, fire, supervise, set pay rate(s) and work schedules of Plaintiffs, and keep payroll records concerning employees such as Plaintiffs.

112.    Defendant HECTOR CLAVERIA  hired Plaintiffs and similarly situated employees.

113.    Defendant HECTOR CLAVERIA supervised Plaintiffs and similarly situated employees.

114.    Defendant HECTOR CLAVERIA paid wages of Plaintiffs and similarly situated employees.

115.    Defendant HECTOR CLAVERIA held a significant position of control and authority at La Victoria NYC.

116.    Defendant HECTOR CLAVERIA actively participated in the day-to-day operations, including hiring and firing decisions.

117.    Defendant played a central role in managing staff, overseeing floor operations, and serving as the main point of contact for the servers such as Plaintiffs and similarly situated employees.

118.    Defendant HECTOR CLAVERIA, in collaboration with Defendant ALAN DAHDAH SAYEGH, communicated and implemented a misappropriation of tips from tip amounts intended for Plaintiffs and similarly situated employees.

119.    Defendant HECTOR CLAVERIA actively directed staff including Plaintiffs during club operations, using earpieces and walkies to communicate instructions to servers, security, and other personnel.

120.    Plaintiffs worked under Defendant HECTOR CLAVERIA's direct supervision, and he was the main individual overseeing their day-to-day activities.

121.    Defendant HECTOR CLAVERIA was responsible for issuing wage payments to the Plaintiffs.

122.    After Plaintiffs complained of tip misappropriation, Defendant HECTOR CLAVERIA terminated the Plaintiffs

123.    Defendant HECTOR CLAVERIA  exercised control over the terms and conditions of employees' employment, including Plaintiffs, in that he has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

124.    Defendant HECTOR CLAVERIA  exercised sufficient control over the operations of La Victoria NYC at 357 W 16th St, New York, NY 10011 to be considered Plaintiffs' employer under the FLSA and NYLL.

4. **FACTUAL ALLEGATIONS**

4.1. **Defendants' Enterprise**

125.    Defendants constitute an "enterprise" as defined in 29 U.S.C.A. § 203 engaged in the common business purpose of operating nightclubs named "La Victoria" including La Victoria NYC at 357 W 16th St, New York, NY 10011, and La Victoria Miami at 28 NE 40th Street, Miami, FL 33137.

126.    The liquor license applicants for Defendant AMIGOS HOSPITALITY LLC are identified as Defendants ANTONIO TURBAY, ALAN DAHDAH SAYEGH, and CIRO SAMPIETRO RICCI.

127.    Defendants ANTONIO TURBAY, ALAN DAHDAH SAYEGH, and CIRO SAMPIETRO RICCI, owned or managed a businesses similar to Defendant AMIGOS HOSPITALITY LLC before opening La Victoria NYC at 357 W 16th St, New York, NY 10011.

128.    The similar business, known as "La Victoria Social Club," was located at 28 NE 40th St., Miami, FL 33137.

129.    Defendants ANTONIO TURBAY, ALAN DAHDAH SAYEGH, and CIRO SAMPIETRO RICCI association with "La Victoria" at 28 NE 40th St., Miami, FL 33137 spanned from 2013 to the present.

130.    La Victoria NYC included a "restaurant," as defined in N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.1.

131.    La Victoria NYCNYC at 357 W 16th St, New York, NY 10011 operated from 12pm to 2am two nights per week and from 12pm to 4am five nights per week.

132.    The business email for La Victoria NYC is and/or was info@lavictorianyc.com.

133.    The business phone number for La Victoria NYC is and/or was 1 917-743-7320.

134.    La Victoria NYC employed approximately 20-40 people.

135.    Plaintiff EMILY LANDER worked at La Victoria NYC AT 357 W 16th St 357 W 16th St, New York, NY 10011.

136.    Plaintiff SABRINA ROJAS worked at La Victoria NYC at 357 W 16th St 357 W 16th St, New York, NY 10011.

137.    La Victoria NYC had common owners and managers who worked at La Victoria NYC at 357 W 16th St 357 W 16th St, New York, NY 10011 and La Victoria Miami at 28 NE 40th Street, Miami, FL 33137.

138.    La Victoria NYC and La Victoria Miami share identical logos, design, and format for their respective websites.

139.    La Victoria NYC and La Victoria Miami utilize the same trade name, "La Victoria."

140.    La Victoria NYC and La Victoria Miami employ identical marketing concepts.

141.    La Victoria NYC and La Victoria Miami are associated with the same overarching investment group, as evidenced by their connection to http://buenavistaig.com/.

142.    La Victoria NYC and La Victoria Miami share the same owner and management.

### 4.2. Powers and Responsibilities of New York Liquor License Principals

143.    In New York, a liquor license grants the owner or possessor of the premises control over the food and beverage. N. Y. Alco. Bev. Cont. Law. § 106(1). These facts are sufficient to establish his right and ability to supervise the infringing activities.

144.    The rules and regulations associated with the liquor licensing process inherently create a collaborative relationship between the business and the principal officer's authority to provide a service as it relates to food and beverage.

145.    The status of serving as a principal on a liquor license suggests a general ability to supervise the establishment's operations and enjoy its profits.

146.     The status of serving as a principal on a liquor license also suggests (s)he keeps and maintains adequate records of all transactions involving the business transacted by such licensee which show the amount of alcoholic beverages, in gallons, purchased by such licensee together with the NAME1s, license numbers and places of business of the persons from whom the same were purchased, the amount involved in such purchases, as well as the sales of alcoholic beverages made by such licensee.

147.     According to the New York State Liquor Authority Handbook for Retail Licenses, the licensee is responsible for the activities of employees and patrons in all parts of the licensed premises, even if not always physically present.

148.     According to the New York State Liquor Authority Handbook for Retail Licenses, the licensee must keep adequate books and records of all transactions involving the licensed business, including records concerning employees, whether full or part time.

149.     According to the New York State Liquor Authority Handbook for Retail Licenses, the licensee is subject to disciplinary action whether he, or an employee, serves a visibly intoxicated person or minor, and accordingly is recommended to train employees concerning service of alcohol.

150.     In applying to hold a liquor license, the applicant must confirm the location of where alcohol is stored.

151.     The liquor license holder has a direct or indirect economic interest in the establishment.

152.     In applying to hold a liquor license, the applicant must confirm, among other items, whether the restaurant has a full kitchen and will serve full entrée like meals.

153.     In applying to hold a liquor license, the applicant must provide a diagram of the premises.

**4.3.** <u>**Defendants' Payroll Recordkeeping Practices.**</u>

154.    Defendants failed to keep accurate records of the number of hours worked each day by Plaintiffs.

155.    Defendants failed to keep accurate records of the number of hours worked each week by Plaintiffs.

156.    Defendants failed to keep accurate records of the time of arrival and departure of Plaintiffs for each work shift.

157.    Defendants failed to keep accurate records of the regular wages earned by Plaintiffs.

158.    Defendants failed to keep accurate records of overtime wages earned by Plaintiffs.

159.    Plaintiffs were not given wage statements with each payment of wages as required by the NYLL.

160.    Plaintiffs were not given a wage notice at the time of hiring or when rates of pay changed that, inter alia, accurately reflected his rate or rates of pay and number of hours worked per week, as required by the NYLL.

161.    In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiffs' interest in ensuring proper pay. Despite

162.    Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. See N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely. 140. Here, Defendants' failure

goes beyond generating a risk of harm to Plaintiffs and Class members. Defendants' conduct actually harmed Plaintiffs and Class members. Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendants' calculations, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiffs and Class members' rights. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendants failure to provide wage notices allowed Defendants to hide the proper frequency of pay to employees. Defendants' failure to provide a wage notice to employees allowed Defendants to hide their responsibility and deprive employees of timely compensation.

163.    Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class members.

**4.4.  <u>Defendants' Recordkeeping Practices of Tip Sharing or Tip Pooling</u>**

164.    Upon information and belief, Defendants maintained records indicating the funds they misappropriated from Plaintiffs.

165.    Defendants failed to establish, maintain, and preserve for at least six years accurate records which include: a daily log of the tips collected by each employee on each shift, whether in cash or by credit card.

166.    Defendants failed to establish, maintain, and preserve for at least six years accurate records which include: a list of occupations that the employer deems eligible to receive tips through a tip sharing or tip pool system.

167.     Defendants failed to establish, maintain, and preserve for at least six years accurate records which include: the shares of tips that each occupation is scheduled to receive from tip sharing or tip pooling.

168.     Defendants failed to establish, maintain, and preserve for at least six years accurate records which include: the amount in tips that each employee receives from the tip share or tip pool, by date.

169.     Defendants failed to establish, maintain, and preserve for at least six years accurate records that were regularly made available for participants in the tip sharing or tip pooling systems to review.

### 4.5. <u>Wage and Hour Violations as to Plaintiff EMILY LANDER</u>

170.     Plaintiff EMILY LANDER was ostensibly employed as a waitress.

171.     Plaintiff's job responsibilities as a waitress included but were not limited to serving customers.

172.     Plaintiff EMILY LANDER worked at Defendants' business at La Victoria NYC at 357 W 16th St, New York, NY 10011.

173.     From approximately November, 2022 to June 1, 2023 Plaintiff EMILY LANDER was paid $10 per hour for each hour worked.

174.     From approximately January to April, 2023, Plaintiff EMILY LANDER worked approximately two shifts per week from approximately 11:00 PM to 4:00 AM and was paid approximately $100 in wages and approximately $900 to $1300 in tips.

175.     On or about April to June 2023, Plaintiff EMILY LANDER's shifts were cut to one night per week.

176.     On or about June 2023, Plaintiff EMILY LANDER was terminated.

177.    Plaintiff EMILY LANDER was not provided with accurate records of tip credits claimed as part of Plaintiffs' wage.

178.    Defendants failed to distribute lawful and accurate tip credit notices to Plaintiff EMILY LANDER as required by the FLSA and NYLL.

179.    Plaintiff EMILY LANDER was required to share tips with Defendants at a rate of five percent (5%) of the tip pool or tip share.

180.    Defendants misappropriated approximately 5% of tips that were intended for tipped employees like Plaintiff EMILY LANDER.

**4.6. <u>Wage and Hour Violations as to Plaintiff SABRINA ROJAS</u>**

181.    Plaintiff SABRINA ROJAS was ostensibly employed as a waitress.

182.    Plaintiff's job responsibilities as a waitress included but were not limited to serving customers.

183.    Plaintiff SABRINA ROJAS worked at Defendants' business at La Victoria NYC at 357 W 16th St, New York, NY 10011.

184.    From approximately November, 2022 to June 1, 2023 Plaintiff SABRINA ROJAS was paid $10 per hour for each hour worked.

185.    From approximately January April 2023, Plaintiff SABRINA ROJAS worked approximately two shifts per week from approximately 11:00 PM to 4:00 AM and was paid approximately $100 in wages and approximately $900 to $1300 in tips.

186.    From approximately April to June 2023, Plaintiff SABRINA ROJAS's shifts were cut to one night per week.

187.    On or about June 2023, Plaintiff SABRINA ROJAS was terminated.

188.    Plaintiff SABRINA ROJAS was not provided with accurate records of tip credits claimed as part of Plaintiffs' wage.

189.     Defendants failed to distribute lawful and accurate tip credit notices to Plaintiff SABRINA ROJAS as required by the FLSA and NYLL.

190.     Plaintiff SABRINA ROJAS was required to share tips with Defendants at a rate of five percent (5%) of the tip pool or tip share.

191.     Defendants misappropriated approximately 5% of the tip pool or tip share that was intended for tipped employees like Plaintiff SABRINA ROJAS.

**4.7. Retaliation Against Plaintiffs EMILY LANDER, SABRINA ROJAS, and Similarly Situated Employees.**

192.     On or about April 2023, Plaintiffs EMILY LANDER, SABRINA ROJAS, and similarly situated employees engaged in protected activity by requesting and obtaining a meeting with Defendants to seek copies of all records related to the tip pool or tip share, as Plaintiffs believed they were not receiving full compensation for earned tips.

193.     Defendants failed to provide the requested records of the tip pool or share during the meeting.

194.     Defendant ALAN DAHDAH SAYEGH acknowledged that the "house" or management withheld 5% of the tips, expressing unawareness of the legal requirement that tips belong to tipped employees.

195.     Defendant ANTONIO TURBAY was also present during this admission.

196.     Within approximately 1-2 weeks after Plaintiffs made the complaint about tip misappropriation, the shifts regularly worked by Plaintiffs EMILY LANDER and SABRINA ROJAS were abruptly reduced from two per week to one.

197.     Subsequently, around June 2023, Defendant HECTOR CLAVERIA terminated Plaintiffs EMILY LANDER and SABRINA ROJAS, citing vaguely that the relationship was "not working out."

198.    Plaintiffs were neither provided with records documenting the tips they earned nor informed about the distribution of these tips.

199.    Despite repeated requests, the Defendants failed to provide transparency regarding the financial details of the tipping arrangements.

200.    Plaintiffs did not receive any performance reviews before their termination, and they had consistently demonstrated high sales numbers during their employment.

201.    The termination was in retaliation for the protected activity of questioning tip misappropriation and demanding records.

**5. COLLECTIVE ACTION ALLEGATIONS**

202.    Plaintiffs bring this action on behalf of themselves, and all similarly situated workers who worked for Defendants within the three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

203.    The FLSA Collective consists of over 40 tipped employees who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully violating tip credit notice requirements and unlawfully misappropriating tips to management and/or nontipped employees and retaliating against Plaintiffs and similarly situated employees who engaged in protected activity.

204.    As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the Plaintiffs and the FLSA Collective. This policy and pattern or practice includes but is not limited to: willfully violating tip credit notice requirements and unlawfully misappropriating tips to management and/or nontipped employees, and retaliating against Plaintiffs and similarly situated employees who engaged in protected activity.

205.    Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiffs and the FLSA Collective.

206.    The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated workers can be readily identified and located through Defendants' records. The similarly situated workers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

207.    Upon information and belief, those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## 6.  CLASS ACTION ALLEGATIONS

208.    Plaintiffs brings the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class consisting of all similarly situated tipped employees who work or have worked for Defendants within the six years and 228 days prior to the filing of this Complaint (the "Rule 23 Class").

209.    The class is so numerous that joinder of all members is impracticable because there are more than 40 members of the Rule 23 Class.

210.    There are questions of law or fact common to the class including but not limited to: whether Defendants willfully violated minimum wage requirements, whether Defendants' violations of the wage law are in good faith, whether Defendants violated tip credit notice requirements, unlawfully misappropriated tips to management and/or nontipped employees, and unlawfully retaliated against employees who engaged in protected activity.

211.    The claims or defenses of the representative parties (Plaintiffs) are typical of the claims or defenses of the class because anyone would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment, work or worked for

Defendants within the statutory period, and sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

212.    Plaintiffs and the Rule 23 Class were all injured in that they were victims of Defendants' violations of the NYLL due to Defendants' common policies, practices, and patterns of conduct.

213.    Plaintiffs will fairly and adequately protect the interests of the class.

214.    Plaintiffs have retained legal counsel competent and experienced in wage and hour litigation and with resources to prosecute a class action.

215.    There is no conflict between Plaintiffs and the Rule 23 Class members.

216.    Prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

217.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

218.    Class action treatment will permit a large number of similar people to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

219.    Defendants acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

220.    Questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy given (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

## 7.  CAUSES OF ACTION

### 7.1.  New York Labor Law - Unpaid Minimum Wages

221.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

222.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

223.    At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiffs and the members of the Rule 23 Class within the meaning of the NYLL §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

224.    Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

225.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

226.    Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**7.2. <u>Fair labor Standards Act – Tip Misappropriation</u>**

227.    Plaintiffs repeat and realleges all foregoing paragraphs as if fully set forth herein.

228.    The provisions regarding misappropriate gratuities set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the FLSA Collective.

229.    Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiffs and the FLSA Collective in violation of § 203(m) of the FLSA and the supporting United States Department of Labor Regulations.

230.    Defendants unlawfully retained gratuities and/or administrative fees intended for Plaintiffs and the FLSA Collective in violation of § 203(m) of the FLSA and the supporting United States Department of Labor Regulations.

231.    As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by having their gratuities misappropriated in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

**7.3. <u>New York Labor Law – Tip Misappropriation</u>**

232.    Plaintiffs repeat and realleges all foregoing paragraphs as if fully set forth herein.

233.    Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff and the NYLL Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

234.    Defendants unlawfully retained part of the gratuities earned by Plaintiff and the NYLL Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

235.    Defendants require Plaintiff and the NYLL Class to share portions of the gratuities and/or service charges they received with individuals other than customarily tipped employees or similar employees, in violation of NYLL, Article 6 § 196-d, and the supporting New York State Department of Labor Regulations.

236.    By Defendants' knowing or intentional demand for, acceptance of, and/or retention of a portion of the gratuities and/or service charges received by Plaintiff and the NYLL Class, Defendants have willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

237.    Due to Defendants' willful violations of the NYLL, Plaintiff and the NYLL Class are entitled to recover from Defendants their unpaid gratuities and/or service charges, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### 7.4. **Fair Labor Standards Act - Retaliation**

238.    Plaintiffs repeat and realleges all foregoing paragraphs as if fully set forth herein.

239.    Plaintiff sought to enforce his rights under the FLSA.

240.    Plaintiffs' complaints to management regarding the tip pool and tip misappropriation constitute protected activity under 29 USC § 215(a)(3).

241.    In retaliation for Plaintiffs' assertion of rights under the FLSA, Defendants reduced the shifts and terminated Plaintiffs.

242.    A reasonable employee would have found each retaliatory act described herein to be materially adverse.

243.    Each retaliatory act alleged herein could dissuade a reasonable employee from making or supporting a complaint about wage and hour violations.

244.    Defendants retaliated against Plaintiffs, as alleged herein, to harass and intimidate him and to otherwise interfere with his attempts to protect his rights under the FLSA.

245.    By engaging in the retaliatory acts alleged herein, Defendants retaliated against Plaintiffs, discriminated against Plaintiffs, and penalized him in violation of the FLSA, 29 USC § 215(a)(3).

246.    Plaintiffs suffered damages, including, but not limited to emotional distress damages and lost wages because of Defendants' retaliation.

247.    Defendants subjected Plaintiffs to such retaliation that altered the terms and conditions of his employment.

248.    Plaintiffs are entitled to equitable relief, monetary relief including but not limited to compensatory and other damages, reasonable attorneys' fees and costs, punitive damages and other appropriate relief.

### 7.5. New York Labor Law - Retaliation

249.    Plaintiffs repeat and realleges all foregoing paragraphs as if fully set forth herein.

250.    Defendants have willfully violated NYLL § 215, which states, "no employer or his agent... shall discharge, penalize or in any other manner discriminate against any employee because such employee has ... caused to be instituted a proceeding."

251.    Plaintiffs sought to enforce their rights under the NYLL by lodging complaints about tip misappropriation and requesting access to all records related to the tip pool or tip share.

252.    Plaintiffs' actions are protected activity under NYLL § 215.

253.    In response to Plaintiffs asserting their rights under the NYLL, Defendants retaliated against them by cutting their shifts and then terminating them.

254.    A reasonable employee would have found each retaliatory act described herein to be materially adverse.

255.    Each retaliatory act alleged herein could dissuade a reasonable employee from making or supporting a complaint about wage and hour violations.

256.    Defendants retaliated against Plaintiffs, as alleged herein, in order to harass and intimidate them and to otherwise interfere with attempts to vindicate rights under the NYLL.

257.    By engaging in the retaliatory acts alleged herein, Defendants retaliated against Plaintiffs, discriminated against them, and penalized them in violation of NYLL § 215.

258.    Plaintiffs suffered damages, including, but not limited to emotional distress damages and lost wages as a result of Defendants' retaliation.

259.    Defendants subjected Plaintiffs to such retaliation that altered the terms and conditions of employment.

260.    Notice of this claim has been served upon the Attorney General pursuant to NYLL § 215(2).

261.    Plaintiffs are entitled to equitable relief, monetary relief including but not limited to compensatory and other damages, reasonable attorneys' fees and costs, punitive damages and other appropriate relief.

**7.6.** <u>**New York Labor Law - Failure to Provide Accurate Wage Notices**</u>

262.    Plaintiffs repeat, reiterate, and incorporate all foregoing paragraphs as if fully set forth herein.

263.    Pursuant to Section 195(1) of the NYLL, an employer is required to provide its employees at the time of hiring a notice containing information, such as, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; ... the regular pay day designated by the employer ...; [and] the NAME1 of the employer .... For all employees who are not exempt from overtime compensation ..., the notice must sate the regular hourly rate and overtime rate of pay."

264.    Pursuant to Section 198-1(b) of the NYLL, an employee that does not receive a wage notification, as required by NYLL § 195(1), may bring a civil action to recover damages of $250 for each workday that the violation occurs or continues to occur, but not to exceed $5,000.

265.    At the time of hire, Defendants did not provide Plaintiffs or members of the putative class with wage notifications informing them of, among other things, (1) their regular rates of pay, (2) their overtime rates of pay, (3) the basis of their rates of pay (e.g., whether they were hourly employees), or (4) the regular pay day designated by Defendants.

266.    Defendants violated NYLL § 195(1) by failing to provide Plaintiffs and members of the putative class with wage notifications containing the information required by NYLL § 195, et seq.

267.    The failure of Defendants to provide Plaintiffs and members of the putative class with wage notifications in violation of NYLL § 195 was willful.

268.    By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative class the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

**7.7.  New York Labor Law - Failure to Provide Accurate Wage Statements**

269.    Plaintiffs repeat, reiterate, and incorporate all foregoing paragraphs as if fully set forth herein.

270.    Pursuant to Section 195(3) of the New York Labor Law, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

271.    Pursuant to Section 198-1(d) of the New York Labor Law, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $50 for each workday that the violation occurs or continues to occur, but not to exceed $5,000.

272.    Plaintiffs and members of the putative class did not receive any wage statements from the Defendants.

273.    Defendants violated NYLL § 195(3) by failing to provide Plaintiffs and members of the putative class with wage statements containing the information required by NYLL § 195(3).

274.    The failure of Defendants to provide Plaintiffs and members of the putative class with wage statements in violation of NYLL § 195 was willful.

275.    By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative class and collective the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

## 8. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs individually and on behalf of all other similarly situated persons, respectfully requests that the Court grant the following relief:

a. Certification of this action as a collective action pursuant to 29 U.S.C. § 216(b);

b. Court-supervised notice to all similarly situated tipped employees who worked for Defendants within the three years prior to the filing of this Complaint and who elect to opt-in to this action;

c. An order requiring Defendants to produce to Plaintiffs and the FLSA Collective all relevant employment records for those who opt-in;

d. Certification of this action as a class action under Rule 23 of the Federal Rules of Civil Procedure;

e. Designation of Plaintiffs as class representatives;

f. Designation of Plaintiffs' counsel as class counsel;

g. Notice to all similarly situated tipped employees who work or have worked for Defendants within the six years and 228 days prior to the filing of this Complaint;

h. An order requiring Defendants to produce to Plaintiffs and the Rule 23 Class all relevant employment records;

i. Unpaid minimum wages as per the NYLL;

j. Liquidated damages as provided for by the NYLL for unpaid minimum wages;

k. Damages for the misappropriation of gratuities under the FLSA;

l. Damages for the misappropriated gratuities under the NYLL;

m. Liquidated damages as provided for by the FLSA for misappropriated gratuities;

n. Liquidated damages as provided for by the NYLL for misappropriated gratuities;

o. Reasonable attorneys' fees and costs incurred in the pursuit of this action;

p.  Pre-judgment and post-judgment interest as allowed by law;

q.  Other compensation as deemed appropriate under 29 U;S;C; §§ 201 et seq;

r.  Equitable relief for violation of the FLSA's anti-retaliation provisions

s.  Equitable relief for violation of the NYLL's anti-retaliation provisions;

t.  Compensatory and other damages for violation of the FLSA's anti-retaliation provisions;

u.  Compensatory and other damages for violation of the NYLL's anti-retaliation provisions;

v.  Punitive damages for violation of the FLSA's anti-retaliation provisions;

w.  Punitive damages for violation of the NYLL's anti-retaliation provisions;

x.  Other appropriate relief for violations of the FLSA's and NYLL's anti-retaliation provisions;

y.  Damages of $250 for each workday of the violation, not to exceed $5,000 for failure to provide accurate wage notices;

z.  Damages of $50 for each workday of the violation, not to exceed $5,000 for failure to provide accurate wage statements;

aa.  Reasonable attorneys' fees;

bb. Costs incurred in the pursuit of this action;

cc. And all such other and further relief as this Court deems appropriate;

## 9.  **JURY TRIAL DEMAND**

276.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated: Queens, New York                        SACCO & FILLAS LLP
                January 12, 2024

                                                By: _____*/s/Clifford Tucker*_____
                                                    Clifford Tucker, Esq.

34

3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2243
Fax: 718-559-6517
CTucker@SaccoFillas.com
*Attorneys for Plaintiffs*

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER**

**LIABILITY FOR SERVICES RENDERED**

TO: AMIGOS HOSPITALITY LLC, AMIGOS HOSPITALITY GROUP 1 LLC, AMIGOS HOSPITALITY GROUP 2 LLC, ANTONIO TURBAY, ALAN DAHDAH SAYEGH, CIRO SAMPIETRO RICCI and HECTOR CLAVERIA

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiffs and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of AMIGOS HOSPITALITY LLC, AMIGOS HOSPITALITY GROUP 1 LLC, AMIGOS HOSPITALITY GROUP 2 LLC, ANTONIO TURBAY, ALAN DAHDAH SAYEGH, CIRO SAMPIETRO RICCI and HECTOR CLAVERIA for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Queens, New York
        January 12, 2024

SACCO & FILLAS LLP

By: _____ */s/ Clifford Tucker* _____
    Clifford Tucker, Esq.
    3119 Newtown Ave, Seventh Floor
    Astoria, NY 11102
    Tel: 718-269-2243
    Fax: 718-559-6517
    CTucker@SaccoFillas.com
    *Attorneys for Plaintiffs*

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES
PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS
CORPORATION LAW**

TO: AMIGOS HOSPITALITY LLC, AMIGOS HOSPITALITY GROUP 1 LLC, AMIGOS
HOSPITALITY GROUP 2 LLC, ANTONIO TURBAY, ALAN DAHDAH SAYEGH, CIRO
SAMPIETRO RICCI and HECTOR CLAVERIA

PLEASE TAKE NOTICE, that Plaintiffs and others similarly situated as employees of the above
corporations who intend to demand, pursuant to the provisions of Section 630 of the Business
Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as
laborers, servants and/or employees of the above corporations for services performed by them for
the above corporations within the six (6) years preceding the date of this notice from the ten largest
shareholders of the above corporations, and who have expressly authorized the undersigned, as their
attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business
hours, the minutes of the proceedings of the shareholders and records of shareholders of the above
corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Queens, New York          SACCO & FILLAS LLP
           January 12, 2024

                                          By:        */s/ Clifford Tucker*
                                            Clifford Tucker, Esq.
                                            3119 Newtown Ave, Seventh Floor
                                            Astoria, NY 11102
                                            Tel: 718-269-2243
                                            Fax: 718-559-6517
                                            CTucker@SaccoFillas.com
                                            *Attorneys for Plaintiffs*

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Translation / Traducción:

Por la presente, doy mi consentimiento para ser parte demandante en una acción para recuperar salarios no pagados, incluidos, entre otros, salarios mínimos, horas extras, horarios extendidos, gratificaciones, daños legales y liquidados, honorarios de abogados, costos, intereses y otras sumas que se me adeudan. y otros empleados en situaciones similares bajo la Ley Federal de Normas Laborales Justas, la Ley Laboral de Nueva York y las reglamentaciones de implementación y órdenes salariales.

Por la presente, autorizo a Sacco & Fillas LLP a presentar cualquier reclamo que pueda tener, incluido el litigio que sea necesario, y por la presente consiento, acepto y tengo la opción de convertirme en demandante en este documento y estar obligado por cualquier acuerdo de esta acción o adjudicación por La corte.

Name/Nombre: __Emily Lander__

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: _Emily Lander (Nov 17, 2023 18:20 EST)___    Date/Fecha: __Nov 17, 2023___

**CONSENT TO JOIN ACTION**

**REQUEST TO BECOME A PARTY-PLAINTIFF**

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Translation / Traducción:

Por la presente, doy mi consentimiento para ser parte demandante en una acción para recuperar salarios no pagados, incluidos, entre otros, salarios mínimos, horas extras, horarios extendidos, gratificaciones, daños legales y liquidados, honorarios de abogados, costos, intereses y otras sumas que se me adeudan. y otros empleados en situaciones similares bajo la Ley Federal de Normas Laborales Justas, la Ley Laboral de Nueva York y las reglamentaciones de implementación y órdenes salariales.

Por la presente, autorizo a Sacco & Fillas LLP a presentar cualquier reclamo que pueda tener, incluido el litigio que sea necesario, y por la presente consiento, acepto y tengo la opción de convertirme en demandante en este documento y estar obligado por cualquier acuerdo de esta acción o adjudicación por La corte.

Name/Nombre: __Sabrina Rojas__

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: _Sabrina Rojas (Nov 22, 2023 10:34 EST)_     Date/Fecha: __Nov 22, 2023__