UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMILY LANDER, et al.,

                Plaintiffs,

-against-

AMIGOS HOSPITALITY LLC, et al.,

                Defendants.

24-CV-00287 (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge.**

      Before me is Plaintiffs' request that the Court approve the settlement agreement in this case between them and Defendants (the "Settlement Agreement"), which was submitted on February 18, 2025 (ECF 46-1). This case is an action for money damages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law ("NYLL"). A federal court must determine whether settlement of an FLSA case is fair and reasonable and the subject of an arms'-length negotiation, as opposed to an employer's overreaching. *See Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). I have carefully reviewed the Settlement Agreement, as well as the letter addressing whether the Settlement Agreement is fair and reasonable (ECF 46). I have considered, without limitation, the prior proceedings; the risks, burdens, and costs of continuing the action; the range of possible recoveries; the terms of the Settlement Agreement, including but not limited to the scope of the releases; whether the Settlement Agreement is the product of arms'-length bargaining between experienced counsel or parties; the possibility of fraud or collusion; and the reasonableness of the attorneys' fees to be paid. I decline to perform a lodestar cross check, because I believe doing so is unnecessary in light of the fee agreements between Plaintiffs and their counsel, particularly since the percentage agreed to (one-third) is the customary contingency percentage in FLSA cases. *See, e.g., Puerto v. Happy Life Home Health Agency Inc.,* No. 23-CV-4915 (GWG), 2023 WL 8258103, at *2 (S.D.N.Y. Nov. 29, 2023). Considering all these factors, I find that the Settlement Agreement is fair and reasonable. The Settlement Agreement hereby is approved. The claims brought by Plaintiffs are hereby dismissed with prejudice. The Clerk of Court is respectfully directed to terminate ECF 46 and to terminate the case. The Court shall retain jurisdiction to enforce the Settlement Agreement.

Dated: February 21, 2024
       New York, New York

SO ORDERED

_____
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE